## Case No. 10,074.

### In re NEBENZAHL et al.

[9 Ben. 243;[1] 17 N. B. R. 23.]

District Court, S. D. New York. Nov. 15, 1877.

BANKRUPTCY—COMPOSITION REFUSED BY CREDITOR—JUDGMENT IN STATE COURT—INJUNCTION TO STAY PROCEEDINGS.

1. N. was adjudged a bankrupt in February, 1875. He was sued for a debt in a state court, in December, 1875. A composition including said debt was confirmed in March, 1876. The creditor proved said debt in the composition proceedings. He claimed that the debt was created by fraud and was not affected by the composition proceedings. The composition was payable in three instalments, the last one in September, 1876. The cash payment, and the notes, under the composition, were tendered to said creditor and refused. On the application of N., the entire amount of the composition for said creditor, in money, was deposited in this court, January 2d, 1877. N. had never obtained from this court any order staying the proceedings in the suit. Judgment was entered in it in December, 1876. After January 2d, 1877, N. applied to the state court for leave to set up the composition as a defence, but the application was refused. N. then applied to this court to enjoin said creditor from interfering with the property of N. for the indebtedness on the judg-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

ment: *Held*, that this court had no power to issue such injunction.

[Cited in Pupke v. Churchill, 91 Mo. 81, 3 S. W. 831.]

2. The practice of the court of bankruptcy in England, in such a case, considered.

[In the matter of Isaac Nebenzahl and Montague S. Marks, bankrupts.]

James Dunne, for bankrupts.
Thomas M. North, for creditor.

BLATCHFORD, District Judge. The bankrupts, after the lapse of the full time provided by the terms of a composition confirmed by this court in these proceedings, for it to be carried out, apply to this court to enjoin a creditor from prosecuting a suit against them in a state court, to recover a debt, the amount of which was set forth, with the name and address of such creditor, in the statement filed in the composition proceedings. The creditor claims that the debt was created by fraud, and is not affected by the composition proceedings. The adjudication of bankruptcy was in February, 1875. The suit in the state court was brought in December, 1875. The compensation was fifteen cents on the dollar, and was confirmed in March, 1876. The creditor proved his debt in the composition proceedings. The composition was payable in three equal instalments, the last one in September, 1876. A cash payment of one instalment, and two notes for the other two instalments, according to the resolution of composition, were tendered to the creditor and refused. On the 26th of December, 1876, this court, on the application of the bankrupts, made an order that they deposit with the clerk of this court the amount of the fifteen cents on the dollar, which would be the payment to such creditor according to the terms of the composition. This was due on the 2d of January, 1877. The bankrupts never obtained from this court any order staying proceedings in the suit in the state court. A trial of the suit in the state court was had by default, on the 11th of December, 1876, and judgment therein was entered against the bankrupts, on the 14th of December, 1876, for $1,343.99. Subsequently, and after the 2d of January, 1877, the bankrupts applied to the state court to set aside the judgment, and allow them to file a supplemental answer, setting up as a defence the proceedings in composition, and have a new trial, but the application was refused. Thereupon this application is made by the bankrupts to this court, for an injunction to restrain the creditor perpetually from molesting or interfering with the bankrupts or their property, for or on account of said indebtedness, or said judgment.

The principles properly applicable to a case in the situation of the present one were defined by this court in Re Hinsdale [Case No. 6,526]. Under those principles no injunction can be granted herein.

It is urged, that a different rule ought to be applied to this case, where the bankrupts put in their answer in the suit in the state court before the composition proceedings had assumed such a shape that the composition could be set up in the answer as a defence, and where they were obliged to apply for leave to put in a supplemental answer, setting up the composition and its fulfilment, from that which would be applied to a case where the bankrupt could avail himself of the composition proceedings in his original answer. But, in the present case, the suit was not brought until ten months after the adjudication of bankruptcy, and there was abundant time for the bankrupts to obtain, before putting in an answer in the suit, the injunction of this court staying the suit until the question of their discharge should be determined. Moreover, the composition proceedings were instituted in February, 1876, and the suit did not come up in the state court for trial until December, 1876, and there was abundant time, during those ten months, for the bankrupts to obtain from this court a stay of the suit because of the pendency of the composition proceedings.

The question of the power of this court to issue an injunction in such a case as the present one, under the clause of the composition statute which gives the court power, on motion made in a summary manner, to enforce the provisions of a composition, was discussed in Re Hinsdale [supra], and the conclusion arrived at was that no such power exists. The practice of the English court of bankruptcy is invoked. Section 126 of the English bankruptcy act of August 9, 1869, (32 & 33 Vict., c. 71), contains a like clause with our own statute, as to enforcing the provisions of a composition. But it is not under that clause that the English bankruptcy court enjoins suits after the time for fulfilling a composition has passed. It is under another provision of the English statute. Section 13 of the said act of August 9, 1869, provides, that the bankruptcy court "may, at any time after the presentation of a bankruptcy petition against the debtor, restrain further proceedings in any action, suit, execution, or other legal process against the debtor, in respect of any debt provable in bankruptcy, or it may allow such proceedings, whether in progress at the commencement of the bankruptcy, or commenced during its continuance, to proceed upon such terms as the court may think just." Rule 260 of the English bankruptcy rules of 1870 contains the same provision. It is on these provisions that the power of the English bankruptcy court is founded, to enjoin suits in other courts, and not on the power given to it to "enforce" the provisions of a composition. See Ex parte Baum, 9 Ch. App. 673; Ex parte Lopez, 5 Ch. Div. 65. There is no like provision in our own statute. On the contrary, from the restriction imposed by section 5106 on the power of the bankruptcy court to enjoin suits to recover debts, name-

ly, that the stay is to continue until that court shall determine the question of discharge, the conclusion, by analogy, follows, that where there is a stay granted because of, and pending, a composition, it is to continue only until the time when the debtor shall have had a full opportunity to carry out the composition according to its terms, or until the court refuses to confirm it. Of course, after that time no injunction should be granted. In this case the bankrupts have had a full opportunity to carry out their composition, according to its terms, in respect to this creditor. If the state court will not allow them to file a supplemental answer, setting up the composition in defence, the result, if not due to their fault and laches, is a misfortune which this court cannot remedy. The state court was either right or wrong in its decision. If right, no wrong has been done. If wrong, relief must be sought in the way, if any, provided by the state laws. The application is refused.